# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ONE WEST BANK, FSB, | ) | 1:11-cv-376-AWI-GSA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER TO REMAND |
| v. | ) | |
| MICHAEL D. COHEN, TONY PEREZ and | ) | |
| MARIA PEREZ, | ) | (Documents 8 and 9) |
| | ) | |
| Defendants. | ) | |

On February 7, 2011, Defendants Tony and Maria Perez ("Defendants") removed this action from the Calaveras County Superior Court of California. (Doc. 1). Initially, Defendants improperly filed the Notice of Removal in the United States District Court, Northern District of California. The case was transferred to this district on March 4, 2011. (Docs. 5 and 6). Plaintiff filed a Motion to Remand on March 10, 2011, as well as an Ex Parte Application to Shorten Time. (Docs. 8 and 9).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a Notice of Removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b).

1 | The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy,* 375 F 3d 831, 838 (9th Cir. 2004).

In this instance, Defendants indicate they were served with the initial pleadings in this action on April 4, 2010. (Doc. 1 at pg. 6:8-9). The Notice of Removal is untimely as Defendants filed it on February 7, 2011, well beyond the thirty day deadline. Furthermore, Defendants attempt to remove this unlawful detainer action based on federal question subject matter jurisdiction. However, Defendant has failed to establish jurisdiction is proper.

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

In this case, Defendants are unable to establish subject matter jurisdiction before this Court since the complaint contains a single cause of action for unlawful detainer based on California Code of Civil Procedure § 1161a. In determining the presence or absence of federal jurisdiction in removal cases, the " 'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank,* 522 U.S. 470, 475 (1998). Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."

1  *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, (1936). The federal issue "must be
2  disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."
3  *Id*. at 113  (noting that the federal controversy cannot be "merely a possible or conjectural one").
4  Here, the complaint alleges a violation of state rather than federal law.  Defendants cannot
5  establish federal question jurisdiction based only on a defense they are intending to raise in
6  response to Plaintiff's complaint.  See  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987);
7  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983); In re Miles, 430
8  F.3d 1083, 1088 (9th Cir. 2005).

9       The law is clear in the Ninth Circuit that the removal statute should be strictly construed
10 in favor of remand and against removal.  *Ducan v. Stuetzl*, 76 F. 3d 1480, 1485 (9th Cir. 1996);
11 *Gaus v. Miles,* 980 F. 2d 564 (9th Cir. 1992); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988);
12 *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985).   The "strong
13 presumption" against removal jurisdiction means that the defendant always has the burden of
14 establishing that removal is proper.  *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709,
15 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).
16 Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first
17 instance*. Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).   Defendants
18 have not met their burden in this case, thus remand is proper.

19 **ORDER**

20      Based on the above, this action is *sua sponte* REMANDED to the Calaveras County
21 Superior Court of California for all future proceedings.  In light of the above, Plaintiff's Motion
22 to Remand and the Ex Parte application for Shortened Time are denied as moot.  Accordingly,
23 the Clerk of the Court is directed to take the necessary action to remand this action to the
24 Calaveras County Superior Court and to close this action.
25 IT IS SO ORDERED.

26
27 Dated:  March 14, 2011                                                    _____
                                                                              CHIEF UNITED STATES DISTRICT JUDGE
28